UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-22261-Civ-LENARD
CASE NO.: (07-20253-Cr-LENARD)
MAGISTRATE JUDGE PATRICK A. WHITE

GREGORY KING,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE RECOMMENDING GRANTING MOTION TO VACATE IN LIGHT OF JOHNSON V. UNITED STATES

### I. Introduction

The movant, a federal prisoner, currently confined at the Edgefield Federal Correctional Institution, in Edgefield, South Carolina, has filed this motion to vacate (DE#1), after obtaining authorization from the Eleventh Circuit to file a second or successive Section 2255 motion to vacate, pursuant to 28 U.S.C. §2255.[1] See In re Gregory King, Eleventh Circuit Court of Appeals, Case No. 16-12695-J, Order entered June 16, 2016. Federal Public Defender Arun Ravindran appeared on behalf of the movant and filed a motion to amend/correct sentence pursuant to 28 U.S.C. §2255. (DE#5). The government has filed a response wherein it does not oppose the movant's petition seeking to correct his sentence pursuant to 28 U.S.C. §2255. (DE# 8).

This Cause has been referred to the Undersigned for

---

[1] The 11th Circuit's order and the movant's application are construed as a motion to vacate.

consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

Upon review of the motion, and construing the arguments contained therein, the movant claims he no longer qualifies for an enhanced sentence under the Armed Career Criminal Act in light of the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2563 (2015)(finding that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."). The government provides the following in its response:

> The Defendant was charged by Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [CR DE# 8]. On June 15, 2007, the Defendant pleaded guilty to the single count in the Indictment. [CR DE# 31].
>
> Prior to sentencing, a Presentence Investigation Report ("PSI") was prepared. The PSI determined that the Defendant was subject to an enhanced sentence as an armed career criminal pursuant to U.S.S.G. § 4B1.4(b)(3)(B). (PSI ¶18). The base offense level was set at a level 33, was reduced by 3 levels based on acceptance of responsibility, and resulted in a total adjusted base offense level 30. (PSI ¶¶19-20). Pursuant to U.S.S.G. §5G1.1(c)(2), the Defendant faced a mandatory minimum sentence of 15 years' imprisonment and sentencing guideline imprisonment range of 180-210 months. On August 31, 2007, the Defendant was sentenced to the mandatory minimum 180 months imprisonment. No direct appeal was filed and the judgment became final on September 14, 2007.
>
> King is seeking relief under Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2251 (2015). In Johnson, the United States Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. Id. Johnson applies retroactively to cases on collateral

review. Welch v. United States, 136 S. Ct. 1257 (2016). King's ACCA claim is timely under 28 U.S.C. §2255(f)(3) because it was filed within one year of Johnson. See Dodd v. United States, 545 U.S. 353, 357 (2005).

The United States opposed King's earlier Motion to Vacate, but now concedes that King does not have three valid predicate convictions under the ACCA pursuant to the Supreme Court's decision in Mathis v. United States, __ S.Ct. __, 2016 WL 3434400 (June 23, 2016) (No. 15-6092). The United States maintains its position that King's Florida controlled substance offense still qualifies as an ACCA predicate, but we agree that under the circumstances of this case we are unable to make the requisite showing as to King's convictions for grand theft, burglary of an unoccupied structure, and aggravated battery on a pregnant victim. Therefore, the United States withdrawals its opposition to King's § 2255 motion.

Accordingly, this Court should vacate King's sentence, order a new Presentence Investigation Report that determines his guidelines range without the ACCA enhancement, and resentence him under 18 U.S.C. §924(a)(2).

(DE# 8).

## II. Conclusion

Based on the foregoing, it is recommended that the motion to vacate (DE# 1, 5) be GRANTED, that the sentence be vacated, and that the movant be resentenced, after preparation of an updated PSI. It is further recommended that no certificate of appealability issue herein, and that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 30th day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Gregory King
    78546-004
    Edgefield
    Federal Correctional Institution
    Inmate Mail/Parcels
    Post Office Box 725
    Edgefield, SC 29824
    PRO SE

    Arun Ravindran
    Federal Public Defender
    150 West Flagler Street, Suite 1700
    Miami, FL 33130
    Email: arun_ravindran@fd.org

    Matthew John Langley
    US Attorney's Office
    Southern District of Florida
    99 N.E. 4th Street
    Miami, FL 33132
    Email: matthew.langley@usdoj.gov

    Betty Rodriguez, Courtroom Deputy