**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 16-22261-CIV-LENARD/WHITE

**GREGORY KING**,

      Movant,

v.

**UNITED STATES OF AMERICA,**

      Respondent.
_____/

**SUA SPONTE NON-FINAL ORDER DISMISSING WITHOUT PREJUDICE**
**MOVANT'S MOTION TO VACATE (D.E. 5)**

**THIS CAUSE** is before the Court on Movant Gregory King's Second Motion to Correct Sentence pursuant to 28 U.S.C. § 2255, ("Motion," D.E. 5), filed June 24, 2016. Magistrate Judge Patrick A. White issued a Report and Recommendation ("Report," D.E. 9) on June 30, 2016, recommending that the Court grant the Motion on the basis of the parties' joint stipulation.   For the reasons stated herein, the Court dismisses Movant's Motion to Vacate and rejects the Report as moot.

    **I.**      **Introduction**

On August 31, 2007, Movant was adjudicated guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  See United States v. King, 07-20253-Cr-Lenard (S.D. Fla. Aug. 31, 2007) (D.E. 25).  The Court sentenced Movant under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to 180 months' imprisonment, to be followed by four years of supervised release.  See id.

An individual adjudicated guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g) is subject to a maximum sentence of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, if the defendant has three prior convictions for a "violent felony or a serious drug offense," the ACCA enhances the sentence to a mandatory minimum fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). Subsection (i) is referred to as the "elements clause"; subsection (ii)'s first nine words are referred to as the "enumerated clause"; and subsection (ii)'s final thirteen words are referred to as the "residual clause." See In re Rogers, __ F.3d __, 2016 WL 3362057, at *1 (11th Cir. 2016).

In Johnson v. United States, the United States Supreme Court held that the ACCA's residual clause is unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015). In Welch v. United States, the Supreme Court held that Johnson announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Movant argues that after the Supreme Court's decision in Johnson, he no longer qualifies for an enhanced sentence under the ACCA. (Mot. at 2.) Accordingly, he seeks

an Amended Judgment imposing a sentence of 120 months' imprisonment.   (Joint

Stipulation, D.E. 10 at 3.)

## II.      Background and Procedural History

On June 15, 2007, Movant pleaded guilty to being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1).   See King, 07-20253-Cr-Lenard  (D.E. 18).

At the time of sentencing on August 31, 2007, the Presentence Investigation Report

("PSI") recommended that the Movant receive a sentence enhancement pursuant to the

ACCA, 18 U.S.C. § 924(e),[1] and identified all of the Movant's prior convictions.[2]

---

[1] 18 U.S.C. 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and
> has three previous convictions by any court referred to in section
> 922(g)(1) of this title for a violent felony or a serious drug offense,
> or both, committed on occasions different from one another, such
> person shall be fined under this title and imprisoned not less than
> fifteen years, and, notwithstanding any other provision of law, the
> court shall not suspend the sentence of, or grant a probationary
> sentence to, such person with respect to the conviction under
> section 922(g).

(Emphasis added.)

[2] At the time of sentencing, Movant had the following prior convictions:
1. Trespassing (9/15/93);
2. Aggravated Battery on a Pregnant Victim (6/27/96);
3. Battery (1/6/97);
4. Grand Theft (12/26/97);
5. Burglary of an Unoccupied Structure (12/26/97);
6. Possession of Marijuana (2/20/01);
7. Possession of Marijuana (3/14/01);
8. Possession with Intent to Distribute Cocaine (4/12/02);
9. Possession with Intent to Distribute Cocaine (4/12/02);
10. Possession of a Controlled Substance (4/12/02);
11. Grand Theft in the Third Degree (4/12/02);
12. Driving without a License (5/3/06).

Neither the Government nor the Defendant objected to the PSI.[3]   At the sentencing hearing, the Court first adopted the factual findings and guideline applications in the Report and then sentenced Movant as an armed career criminal pursuant to the ACCA, the PSI and the governing law.[4]  No explicit findings were made on the record at the time of sentencing as to whether the residual, enumerated or elements clause (or any combination thereof) applied to Movant's predicate offenses.

On October 9, 2008, Movant filed his first Motion under 28 U.S.C. § 2255 to vacate his sentence.  See King v. United States, 08-22820-CV-Lenard (S.D. Fla.  Oct. 9, 2008) (D.E. 1).  Magistrate Judge White entered a Report and Recommendation (08-22820, D.E 11) on February 9, 2009, recommending dismissal of Movant's claims as time-barred, and alternatively, denial of Movant's claims on the merits.  Judge White

---

[3] At the sentencing hearing, the Court confirmed there were no objections:

> **Court:** Mr. King, have you read the advisory presentence investigation report?
> **Defendant:** Yes, ma'am.
> **Court:** And have you and your attorney discussed the advisory presentence investigation report?
> **Defendant:** Yes, ma'am.
> **Court:** My examination of the file indicates that neither the Government nor the Defendant have filed any objections to the advisory presentence investigation report.  Is that correct?
> **Counsel for Government:** That is correct, your Honor.
> **Counsel for Defendant:** That is correct, your Honor.
> **Court:** The Court will therefore adopt the factual findings and . . . guideline applications as contained in the advisory presentence investigation report as modified at this hearing.

United States v. King, 07-20253-Cr-Lenard (Tr. Sentencing H'rg (D.E. 30) at 2–3, 5).

[4] Just months before Movant's sentencing, the Eleventh Circuit held that, under the modified categorical approach, a district court can rely on the facts set forth in the PSI if they are undisputed and thereby deemed admitted. See United States v. Bennett, 472 F.3d 825, 832–34 (11th Cir. 2006); see also United States v. Adams, 91 F.3d 114, 116 (11th Cir. 1996).

agreed with Movant that his strong-arm robbery conviction did not qualify as a predicate offense under the ACCA – but noted that Movant had at least three other convictions that counted as predicate offenses.[5]   (Id.)   Movant filed two sets of objections to Judge White's Report, arguing that: (1) his Motion was timely; (2) strong-arm robbery does not qualify as a predicate offense under the ACCA; (3) grand theft does not qualify as a predicate offense under the ACCA; and (4) his convictions for grand theft (F01-18843), distribution of cocaine (F01-013037 and F01-013038) and possession of a controlled substance (F01-030566) all occurred on the same day and thus may only qualify as one ACCA predicate offense.  (08-22820, D.E. 12 and 14.)  On April 8, 2009, Movant filed a Supplemental Objection, arguing that his burglary conviction did not qualify as "generic burglary" and therefore could not be counted as an ACCA predicate.  (08-22820, D.E. 15.)  On June 5, 2009, this Court overruled Movant's objections, adopted Judge White's Report and denied Movant's first 2255 Motion.  (08-22820, D.E. 18).  The Court also denied Movant's Motion for a Certificate of Appealability. (08-22820, D.E. 22)  Movant appealed the Court's decision to the Eleventh Circuit which also denied him a certificate of appealability.  (08-22820, D.E. 33 and 34.)

After the Supreme Court issued its decision in <u>Welch</u>, 136 S. Ct. at 1257, Movant filed an application under Section 2255(h) seeking permission from the Court of Appeals to file a second or successive 2255 motion.  On June 16, 2016, the Eleventh Circuit granted Movant's application to file a second or successive 2255 motion, finding that

---

[5]  Specifically, Judge White found that Movant had two prior convictions for serious drug offenses and two prior convictions for violent felonies—one for aggravated battery and one for grand theft.

because the District Court made no explicit findings at the time of sentencing "King []
met his burden of making a prima facie showing that his application contains the rule
announced in <u>Johnson</u> and that he is reasonably likely to benefit from that rule." (D.E. 1
at 9.) On June 24, 2016, Movant, who is now represented by counsel, filed his second
2255 Motion. (D.E. 5.)

Movant argues that since the Supreme Court declared the ACCA's residual clause
unconstitutional, <u>see</u> <u>Johnson</u>, 576 U.S. __, 135 S. Ct. 2551, an insufficient number of his
prior convictions now qualify as "violent felonies" or "serious drug offenses." Movant
concedes that one of his drug distribution convictions is a predicate offense under the
ACCA, but argues that none of his other convictions qualify under the ACCA's elements
or enumerated clauses. Movant bases his assertion on his legal assumption that
<u>Descamps v. United States</u>, 133 S. Ct. 2275 (2013) and <u>Mathis v. United States</u>, 136 S.
Ct. 2243, 2257 (June 23, 2016), apply retroactively when determining whether his prior
convictions constitute predicate offenses under the ACCA's elements and enumerated
clauses. The Government initially accepted this legal assumption in its Response and
Stipulation – without any legal citation or analysis.

On June 29, 2016, the Government filed a two-page notice agreeing that the
Movant's sentence should be vacated. (D.E. 8.) Judge White entered a Report
recommending that the Court vacate Movant's sentence pursuant to <u>Johnson</u>. (D.E. 9 at
3.) The Report relied exclusively on the Government's concession and did not engage in
any substantive analysis. Thereafter, Movant and the Government filed a Joint Stipulation

that Defendant should be re-sentenced to 120 months – the statutory maximum allowed under 18 U.S.C. § 924(g).[6]

Because the Report and the parties failed to address the discrete issues raised herein, and given the Court's duty to determine whether it has jurisdiction over this matter, see In re Morgan, 717 F.3d 1186, 1193 (11th Cir. 2013) ("The bar on second or successive motions is jurisdictional, so [courts] must determine whether an application to file a second or successive motion is based on a claim involving 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. . .'"), the Court ordered the parties to file supplemental briefs on July 15, 2016.  (D.E. 11.)  On July 20, 2016, Movant filed his Supplemental Brief which repeated his earlier arguments regarding the retroactivity of Descamps and Mathis.  (D.E. 15.)  Movant's Supplemental Brief did not address whether his convictions would have qualified under the enumerated or elements clause at the time of sentencing if the Court were to find that Descamps and Mathis are inapplicable to the § 2255(a) and (h) analyses.

On July 27, 2016, the Government filed its Supplement Brief, withdrawing its previous pleadings and opposing Movant's 2255 Motion.  (D.E. 16.)  The Government now argues that "Descamps plays no role in the District Court's determination of whether Movant has met his burden of establishing that he was in fact sentenced under the residual clause, unless Descamps was precedent at the time of sentencing."  (Id. at 6.) Instead, the Government asserts that district courts must "make an objective assessment

---

[6] Movant has currently served 111 months of his 180 month sentence.

of whether there is a reasonable likelihood that the defendant's ACCA-enhanced sentence necessarily depended on the now-constitutionally-invalid residual clause, which implicates <u>Johnson</u>, or whether the sentence instead was based on the enumerated crimes or elements clauses, which <u>Johnson</u> did not disturb." (<u>Id.</u> at 9.)   Reviewing Movant's arguments and underlying predicate offenses, the Government now concludes that neither the record nor controlling case law at the time of sentencing demonstrates that Movant was sentenced under the ACCA's residual clause.   (<u>Id.</u> at 10–11.)  It urges this Court to dismiss, or alternatively deny, Movant's 2255 motion.

On August 8, 2016, Movant filed his Reply (D.E. 17) to the Government's Supplemental Brief.  Movant argues that his claim meets § 2255(h)'s requirements because under the Eleventh Circuit's clear/unclear test, <u>see</u> <u>In re Rogers</u>, __ F.3d __, 2016 WL 3362057 (11th Cir. June 17, 2016), it is unclear whether he was sentenced using the ACCA's residual clause.  Movant asserts that because it is unclear whether he was sentenced under the residual clause, <u>Johnson</u> is implicated and "the Court must apply <u>Descamps</u> and current binding precedent to determine whether the predicate offenses would still qualify under" the elements or enumerated clauses.  (D.E. 17 at 4.)   He contends that <u>Descamps</u> should apply because it merely "clarified" precedent that existed at the time of his sentencing in 2007 – namely <u>Taylor v. United States</u>, 495 U.S. 575, 600-01 (1990).  (<u>Id.</u> at 6.)  Additionally, he argues that when the record is silent on which ACCA clause served as the basis for a defendant's enhanced sentence, Supreme Court precedent requires that any ambiguity be resolved in his favor.  (<u>Id.</u> at 14–15.)   Movant also contends that the Eleventh Circuit's published order in <u>Moore</u>, __ F.3d __, 2016 WL

4010433, at *3 – 4 (11th Cir. July 27, 2016) contains mere dicta and is unpersuasive; and that the Court should adopt the approach suggested by the panel in <u>Chance</u>, Nos. 16-13918 and 16-14643, at * 6 – 15 (11th Cir. Aug. 2, 2016).  In further support of the approach advocated by the <u>Chance</u> panel, Movant also cites two recent cases from the Eastern District of Washington which held that <u>Descamps</u> applies retroactively in the <u>Johnson</u> context: <u>United States v. Ladwig</u>, __ F.Supp.3d __, 2016 WL 3619640 (E.D. Wash. June 28, 2016) and <u>United States v. Navarro</u>, 2016 WL 1253830 (E.D. Wash. March 10, 2016).  And finally Movant asserts that, by adopting Magistrate Judge White's 2008 Report and Recommendation, <u>King v. United States</u>, 1:08-cv-22820-JAL/White (S.D. Fla. 2008) (D.E. 11), this Court has already decided that Movant was sentenced using the residual clause.[7]

### III.   Legal Standards

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  However, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain" either:

---

[7] Movant's selective quoting of Judge White's Report and Recommendation is misleading at best.  A full review of Judge White's 2008 Report, which this Court adopted, reveals that Judge White concluded that Movant's conviction for grand theft – and that conviction only – fell under the residual clause.   Judge White's Report went on to find that Movant had previously been convicted of two serious drug crimes – which both counted under the ACCA – and that Movant's conviction for aggravated battery was a violent felony under the ACCA. The Report did not address the conviction for burglary.

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  28 U.S.C. § 2244(b)(3)(C).

The Court of Appeals' determination is limited.  See  Jordan v. Sec'y, Dep't of Corrs., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that the court of appeals' determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).  If the Court of Appeals' authorizes the applicant to file a second or successive 2255 Motion, "'[t]he district court is to decide the [§ 2255(h)] issue[s] fresh, or in the legal vernacular, _de novo_.'"  In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013) (quoting Jordan, 485 F.3d at 1358).  Only if the district court concludes that the applicant has established the statutory requirements for filing a second or successive motion will it "proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise."  Id.

## IV.   Discussion

For Movant to be entitled under to file a second or successive motion under 28 U.S.C. § 2255(h), he must allege that his motion contains a Johnson issue—specifically,

10

that the Court enhanced his sentence using the ACCA's now-voided residual clause.  As currently pleaded, Movant's <u>Johnson</u> claim is inextricably intertwined with <u>Descamps</u> and <u>Mathis</u>.  Movant's entire argument rests on application of the law as it exists today. Movant does not argue that the Court actually relied on the residual clause or that the law, as it existed on August 31, 2007, would have precluded the Court from sentencing Movant under the elements or enumerated clauses of the ACCA.

Consequently, this case turns on the question of whether the Supreme Court's decisions in <u>Descamps</u>, 133 S. Ct. 2275 (2013) and <u>Mathis</u>, 136 S. Ct. 2243 (June 23, 2016), should be applied retroactively or whether Movant is limited to the law as it existed at the time of sentencing.

### A.  The Road to <u>**Descamps**</u> and <u>**Mathis**</u>

<u>Descamps</u> and <u>Mathis</u> are two opinions in a long line of Supreme Court decisions that have developed the framework for how district courts should apply the ACCA's sentencing enhancement.  Dating back to <u>Taylor</u>, 495 U.S. at 575, and in subsequent decisions including <u>Shepard v. United States</u>, 544 U.S. 13 (2005), the Supreme Court instructed how a defendant's prior convictions should be analyzed to determine whether they qualify as predicate offenses under the ACCA.

In <u>Taylor</u>, the Supreme Court first explained how courts should determine what constitutes a violent felony under the enumerated clause of the ACCA.  495 U.S. 575.  As a general rule, <u>Taylor</u> adopted the "formal categorical approach" which directs sentencing courts to look generally at the elements of a defendant's prior convictions and not the "particular facts underlying those convictions."  <u>Id.</u> at 600.  This approach requires the

sentencing judge to compare the elements of the defendant's prior conviction with the elements of the "generic" ACCA crime. Id. at 599. If the elements of the defendant's prior offense are broader than those of the generic crime, then the prior conviction cannot count as a predicate offense under the ACCA. However, if the elements of the defendant's prior offense match (or are narrower) than the elements of the generic offense then that conviction "categorically" qualifies as an ACCA offense.

If the prior offense does not categorically qualify as a predicate offense under the ACCA because the offense of conviction is broader than the generic crime, Taylor explained that the sentencing court may go beyond the elements of the offense and look to whether "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." 495 U.S. at 602. This later became known as the "modified categorical approach," which the Supreme Court expanded in Shepard, 544 U.S. at 26 (2005).

In Shepard, the Supreme Court held that, in addition to the charging papers and jury instructions, sentencing courts could look at "the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" when determining whether the defendant had been convicted of a generic offense of the ACCA's enumerated clause. 544 U.S. at 26. After this decision, courts routinely utilized "Shepard documents" when deciding whether defendants were convicted of generic offenses or broader offenses that would not qualify under the ACCA. Subsequent decisions of the Eleventh Circuit held that any uncontested facts

contained in a defendant's presentence investigation report are deemed admitted and therefore may be used to determine whether or not a defendant has a prior conviction for a generic offense subject to the ACCA.  See, e.g., United States v. Bennett, 472 F.3d 825, 833–34 (11th Cir. 2006) ("Bennett failed to object to the facts of his prior convictions as contained in his PSI and addendum to the PSI despite several opportunities to do so; thus, he is deemed to have admitted those facts. . . . the district court did not err in relying on the undisputed facts in Bennett's PSI to determine that his prior convictions were violent felonies under the ACCA and, therefore, that he was an armed career criminal.").

In 2013, the Supreme Court held that the modified categorical approach is only available when the statute of conviction contains "divisible" elements which require the jury to make a finding in the alternative:

> [T]he modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute.  The modified approach thus acts not as an exception, but instead as a tool. It retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements with the generic offense's. All the modified approach adds is a mechanism for making that comparison when a statute lists multiple, alternative elements, and so effectively creates several different . . . crimes.

Descamps, 133 S. Ct. at 2285.  Descamps made clear that the modified categorical approach does not apply to an overbroad statute, but only to a statute that defines the crime alternatively with "one statutory phrase corresponding to the generic crime and another not."  Id. at 2286.   This distinction between "divisible" and "non-divisible"

statutes is critical when determining whether a defendant's prior convictions may now qualify under the ACCA.

Recently, in <u>Mathis</u>, the Supreme Court further clarified the applicability of the modified categorical approach.[8]  136 S. Ct. at 2249.  In <u>Mathis</u>, the Court recognized the distinction between "elements" and "means."  136 S. Ct. at 2249 ("This case concerns a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element.").  <u>Mathis</u> clarified that the modified categorical approach does not apply when the statute lists "diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense."  <u>Id.</u> at 2249.

Here, Movant argues that under <u>Descamps</u> and <u>Mathis</u>, Florida burglary and aggravated battery on a pregnant woman are non-generic and indivisible statutes, and therefore no longer qualify as predicate offenses under the ACCA's enumerated or element clauses.   This of course assumes that <u>Descamps</u> and <u>Mathis</u> apply retroactively, because before these decisions, the law did not draw a distinction between divisible and indivisible statutes or elements and means.  Before addressing whether these decisions have retroactive effect, the Court will put the issue in historical perspective and examine the principles of collateral relief.

_____

[8] In <u>Mathis</u>, the Court held that Iowa's burglary statute was indivisible because it criminalized the unlawful entry of "any building, structure, or land, water or air vehicle."  <u>Id.</u> at 2250.   The Court noted that "those listed locations are not alternative elements, going toward the creation of separate crimes. To the contrary, they lay out alternative ways of satisfying a single locational element."  <u>Id.</u>

**B.  Collateral Proceedings & General Principles of Retroactivity**

"Historically, post-conviction challenges to federal convictions were properly brought by petition for writ of habeas corpus."  Bridges v. Vasquez, 151 F. Supp. 2d 1353, 1357 (N.D. Fla. 2001).  "Congress changed this approach dramatically with the adoption in 1948 of 28 U.S.C. § 2255."  Id. (citing United States v. Hayman, 342 U.S. 205 (1952)).  In 1996, Congress further restricted the ability of federal prisoners to obtain collateral review by amending § 2255 to limit the circumstances under which second or successive motions can be filed.  Id.  In passing the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress expressed its intent that, absent limited circumstances, criminal convictions should remain final.  See Day v. McDonough, 547 U.S. 198, 208 (2006) ("The considerations of comity, finality, and the expeditious handling of habeas proceedings ... motivated AEDPA ...."); Williams v. Taylor, 529 U.S. 420, 421, (2000) ("AEDPA's purpose [is] to further comity, finality, and federalism principles.").  Congress decided that federal prisoners should be granted a direct appeal and a first § 2255 motion (if the motion is filed within one year of the conviction becoming final); but that a second or successive motion may be filed only if a panel of a Court of Appeals determines the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

AEDPA codified principles of finality that have long been a part of the American

legal tradition:

> Habeas corpus always has been a collateral remedy, providing
> an avenue for upsetting judgments that have become
> otherwise final. It is not designed as a substitute for direct
> review. The interest in leaving concluded litigation in a state
> of repose, that is, reducing the controversy to a final judgment
> not subject to further judicial revision, may quite legitimately
> be found by those responsible for defining the scope of the
> writ to outweigh in some, many, or most instances the
> competing interest in re-adjudicating convictions according to
> all legal standards in effect when a habeas petition is filed.
> Indeed, this interest in finality might well lead to a decision to
> exclude completely certain legal issues, whether or not
> properly determined under the law prevailing at the time of
> trial, from the cognizance of courts administering this
> collateral remedy.
>                                    . . . .
>
> If law, criminal or otherwise, is worth having and enforcing,
> it must at some time provide a definitive answer to the
> question litigants present or else it never provides an answer
> at all. . . . No one, not criminal defendants, not the judicial
> system, not society as a whole is benefited by a judgment
> providing a man shall tentatively go to jail today, but
> tomorrow and every day thereafter his continued
> incarceration shall be subject to fresh litigation on issues
> already resolved.
>                                    . . . .
>
> [W]hile the case for continually inquiring into the current
> constitutional validity of criminal convictions on collateral
> attack is not an insubstantial one, it is by no means
> overwhelming. Most interests such a doctrine would serve
> will be adequately protected by the current rule that all
> constitutional errors not waived or harmless are correctible on
> habeas and by defining such errors according to the law in
> effect when a conviction became final. Those interests not

served by this intermediate position are, in my view, largely overridden by the interests in finality.

Mackey v. United States, 401 U.S. 667, 682–83, 690–92 (1971) (Harlan, J., concurring).[9] Justice O'Connor, quoting Justice Harlan with approval, stated that "given the 'broad scope of constitutional issues cognizable on habeas [it is] sounder, in adjudicating habeas petitions, generally to apply the law prevailing at the time a conviction became final than it is to seek to dispose of [habeas] cases on the basis of intervening changes in constitutional interpretation.'"  Teague v. Lane, 489 U.S. 288, 306 (1989); see also Solem v. Stumes, 465 U.S. 638, 653 (1984) (Powell, J., concurring in judgment) ("Review on habeas to determine that the conviction rests upon correct application of the law in effect at the time of the conviction is all that is required to 'forc[e] trial and appellate courts ... to toe the constitutional mark'").   In Teague, a plurality of the Court "laid out the framework to be used in determining whether a rule announced in one of [the Supreme Court's] opinions should be applied retroactively to judgments in criminal cases that are already final."  Mays v. United States, 817 F.3d 728, 734 (11th Cir. 2016) (quoting Whorton v. Bockting, 549 U.S. 406, 416 (2007)).

Teague and its progeny created a distinction between an old rule and a new rule. A new rule is defined as "a rule that ... was not 'dictated by precedent existing at the time the defendant's conviction became final.'"  Whorton, 549 U.S. 406, 416 (quoting Saffle v. Parks, 494 U.S. 484, 488 (1990)).   In contrast, an old rule clarifies precedent that existed at the time of conviction or sentencing. Whorton, 549 U.S. 406, 416; Mays, 817

---

[9] Justice Harlan's concurrence is cited separately at 91 S. Ct. 1171.

17

F.3d at 734.  Writing for a plurality in <u>Teague</u>, Justice O'Connor concluded that new rules only apply retroactively in collateral proceedings in two limited circumstances:  (1) the new rule is substantive[10] or (2) the new rule is a "'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Saffle v. Parks</u>, 494 U.S. 484, 495 (1990) (citing <u>Teague</u>, 489 U.S. at 288). In contrast, an old rule applies on both direct and collateral review.  <u>Whorton</u>, 549 U.S. at 416 (citing <u>Griffith v. Kentucky</u>, 479 U.S. 314 (1987)).

Between 1990 and 1996, the <u>Teague</u> framework applied to all collateral proceedings.  However in 1996, Congress created narrower, more limited parameters for filing a second or successive 2255 motion.  As discussed, <u>supra</u>, § 2255(h) requires a panel of the Court of Appeals to certify that the motion involves: (1) newly discovered evidence that would establish that no reasonable fact-finder would have found the movant guilty of the offense, or (2) a new rule of constitutional law made retroactive by the Supreme Court.   These are the only two ways a federal court obtains jurisdiction to consider whether or not to disturb the finality of a criminal judgment challenged by a second or successive 2255 motion.

### C.  Retroactivity of <u>Descamps</u> and <u>Mathis</u>

It is well-established that <u>Descamps</u> – and by extension <u>Mathis</u> – are old rules which apply on direct and collateral review.  <u>Mays</u>, 817 F.3d at 734.  Citing <u>Mays</u>,

---

[10] A substantive new rule "includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 352–53 (2004).

Movant argues that he is entitled to the benefit of the rules announced in <u>Descamps</u> and

<u>Mathis</u>.  However, this argument wholly ignores the distinction Congress made between a

first § 2255 motion and a second or successive § 2255 motion.  Under AEDPA the basis

for a second or successive 2255 motion is governed exclusively by statute.  <u>See</u> 28 U.S.C

§§ 2244(b)[11] and 2255(h); <u>see also</u> <u>Gonzalez v. United States</u>, No. CIV. 15-2080 DRD,

2015 WL 1530676, at *2 (D.N.J. Apr. 2, 2015) (citing <u>United States v. Miller</u>, 197 F.3d

644, 649 (3d Cir. 1999) ("Congress enacted the Anti–Terrorism and Effective Death

Penalty Act (AEDPA), which severely limits a district court's jurisdiction over second or

successive § 2255 motions.").   AEDPA compels the conclusion that <u>Descamps</u> and

<u>Mathis</u> are not retroactive for the purposes of a second or successive 2255 because they

are not new rules of constitutional law made retroactive by the Supreme Court.[12]

Furthermore, the Eleventh Circuit and several other Circuits have considered the

retroactivity of <u>Descamps</u> and concluded that it is non-retroactive for the purposes of a

second or successive 2255 motion.[13]  <u>See</u> <u>In re Hires</u>, __ F.3d __, __, 2016 WL 3342668,

---

[11] Section 2244(b)'s formal requirements for filing a second or successive habeas motion mirror
§ 2255(h)'s requirements.

[12] Movants filing their first 2255 motion are entitled to the retroactive application of <u>Descamps</u>.
<u>See, e.g.</u>, <u>In re Griffin</u>, __ F.3d __, __, 2016 WL 3002293, at *6 (11th Cir. May 5, 2016).

[13] Because <u>Mathis</u> is merely an extension of <u>Descamps</u>, it is also an old rule.  The Supreme Court
made plain in <u>Mathis</u> that it too was merely a clarification of the Court's ACCA precedent –
including <u>Taylor</u> and <u>Descamps</u>:

> Our precedents make this a straightforward case. For more than 25
> years, we have repeatedly made clear that application of ACCA
> involves, and involves only, comparing elements. Courts must ask
> whether the crime of conviction is the same as, or narrower than,
> the relevant generic offense. They may not ask whether the

at *5 (11th Cir. June 15, 2016) (<u>Descamps</u> is "not retroactive for purposes of a second or successive § 2255 motion."); <u>In re Griffin</u>, __ F.3d __, __, 2016 WL 3002293, at *6 (11th Cir. May 25, 2016) (same); <u>In re Thomas</u>, __ F.3d __, __, 2016 WL 3000325, at *3 (11th Cir. May 25, 2016) (same); <u>see also Ezell v. United States</u>, 778 F.3d 762, 763 (9th Cir. 2015) (holding that Descamps is not a new rule of constitutional law made retroactive by the Supreme Court and therefore it may not serve as the basis of a second or successive 2255 motion); <u>In re Jackson</u>, 776 F.3d 292, 296 (5th Cir. 2015) (holding that the Supreme Court has not made <u>Descamps</u> retroactive and that <u>Descamps</u> cannot serve as the basis of a second or successive § 2255 motion).   In <u>Hires</u>, the Eleventh Circuit further clarified that, "what matters [] is whether, <u>at sentencing</u>, [the Defendant's] prior convictions qualified pursuant to the residual clause, which would render his sentence subject to successive § 2255 challenge under <u>Johnson</u>, or pursuant to the elements clause, which would not."   2016 WL 3342668, at *5; <u>see also In re Moore</u>, 2016 WL 4010433, at *2 ("Whether <u>at the time of his September 2005 sentencing hearing</u> any of Moore's other felony convictions qualified as violent felonies within the statutory meaning is a matter we leave to the district court in the first instance.") (emphasis added).   The <u>Hires</u> panel also stated that <u>Descamps</u> cannot be used to "re-litigate whether a prior [predicate

---

> defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

<u>Mathis</u>, 136 S. Ct. at 2257.   Therefore, <u>Mathis</u>, like <u>Descamps</u>, is not retroactive for the purposes of a second or successive 2255 motion.

offense]" qualifies under the elements or enumerated clauses and that a movant's sentence could be affirmed even if the predicate offenses "would [not] count were [the defendant] being sentenced today." Id.

Additionally, the Eleventh Circuit has granted 2255(h) applications authorizing second or successive motions in Johnson cases where, as here, the sentencing judge made no explicit findings as to the ACCA, see, e.g., In re Jackson, 2016 WL 3457659, at *1; In re Adams, __ F.3d __, 2016 WL 3269704, at *3 (11th Cir. June 15, 2016); and presumably would grant 2255(h) applications in cases where the sentencing court explicitly relied on the residual clause, see In re Chance, __ F.3d __, 2016 WL 4123844, at *4 (11th Cir. Aug. 2, 2016) (noting that 2255 relief would be granted in "the rare instances where the sentencing judge thought to make clear that she relied on the residual clause."). However, the Eleventh Circuit has denied applications where the sentencing judge explicitly relied on the enumerated or elements clause. See, e.g., Thomas, 2016 WL 3000325 at *3; see also United States v. Evans, No. 03-0120-WS, 2016 WL 3211428, at *2 (S.D. Ala. June 9, 2016) (noting that the Eleventh Circuit denied 2255(h) applications where the district judge explicitly relied on the enumerated or elements clauses of the ACCA at the time of sentencing). These decisions support the conclusion that Descamps and Mathis should not be applied retroactively to determine whether a movant has been sentenced under the residual clause.

Based on the law of the Eleventh Circuit, the longstanding jurisprudence regarding the importance of the finality of criminal judgments and the clear legislative directive set forth by Congress in 2255(h), the Court finds that Descamps and Mathis should not be

applied in this case.  Other than the new rule made retroactive by the Supreme Court (i.e.

Johnson), the Court must apply the law as it existed at the time of sentencing to

determine whether the Movant's sentence was enhanced under the ACCA's residual

clause.[14]   See Ziglar v. United States, No. 2:16-CV-463-WKW, 2016 WL 4257773, at *7

---

[14] Movant cites Ladwig, 2016 WL 3619640, at *2, in support of his argument that Descamps and
Mathis apply retroactively to Johnson claims.  Ladwig cites Lockhart v. Fretwell, 506 U.S. 364,
371–72 (1993), for the proposition that: "there is existing precedent for applying current case law
when determining whether a constitutional error was harmless in the context of a motion under
28 U.S.C. § 2255."  Ladwig, 2016 WL 3619640, at *5.  However, Lockhart does not support
Ladwig's broad-sweeping conclusion.  Lockhart was decided on a state prisoner's first § 2254
motion – not a second or successive § 2255 motion – and it did not involve the retroactive
application of a new or old rule of law announced by the Supreme Court.  506 U.S. at 364.
These distinctions alone show that the Ladwig court overstated Lockhart's significance in
resolving the question at hand: whether Descamps and Mathis apply retroactively to a second or
successive 2255 motion.  The Ladwig court broadened Lockhart's narrow holding to reach its
conclusion.

The Lockhart Court reaffirmed that the performance prong of Strickland should be analyzed
using the law as it existed at the time the alleged deficiency occurred.  Lockhart, 506 U.S. at 371.
The Court then considered how lower courts should approach Strickland's prejudice prong.  In
Lockhart, the movant argued that he was prejudiced because his attorney failed to argue that his
death sentence was unconstitutional because it was based on an aggravating factor that
duplicated an element of the underlying felony.  This rule of law was established by the Eighth
Circuit in Collins v. Lockhart, 754 F.2d 258, 261 (8th Cir. 1985) and governed courts in the
Eighth Circuit when Lockhart was sentenced.  However, Collins was subsequently overruled
which forced the lower courts to determine whether to rely on Collins when ruling on Lockhart's
§ 2254 motion.  On appeal, the Supreme Court held that a movant cannot satisfy Strickland's
prejudice prong based on an argument that is "wholly meritless under current governing law,
even if the [Movant's] objection might have been considered meritorious at the time of its
omission."  Lockhart, 506 U.S. at 374 (O'Connor, J., concurring).  Chief Justice Rehnquist,
writing for the majority, summarized the Court's holding with this Latin phrase: "*Cessante
ratione legis, cessat et ipsa lex*" *(translated as: The reason for a law ceasing, the law itself
ceases)* and noted that its decision was in harmony with the Teague framework and the well-
established principle that the finality of criminal judgments should be preserved except in
extraordinary circumstances. Id. at 373.  Therefore, Lockhart does not support the general
proposition that habeas motions should be judged based on the law at the time the motion is
considered.

This Court does not find the reasoning in Ladwig to be persuasive – particularly because the
decision disregards the statutory limits placed on federal courts by Congress in § 2255(h). )

(M.D. Ala. Aug. 11, 2016) (holding <u>Descamps</u> does not apply retroactively to <u>Johnson</u> claims and a movant's 2255 motion must be dismissed/denied unless he meets his burden that the sentencing judge relied on the residual clause based on the law at the time of sentencing).

### D.  § 2255(h) Gatekeeping Function

As the Eleventh Circuit has noted, this Court must determine, as an initial matter, whether the § 2255(h) applicant "was sentenced under the residual clause [at the time of sentencing], whether the new rule in <u>Johnson</u> is implicated as the [applicant's] third predicate conviction, and whether the [] 'applicant has established the [§ 2255(h)] statutory requirements for filing a second or successive motion.'" <u>In re Moore</u>, 2016 WL 4010433, at *1.[15]  Here, the only argument the Applicant advances is that he was sentenced under the residual clause if <u>Descamps</u> applies retroactively.  Because it does not, the Applicant has failed to demonstrate that he was "sentenced under the residual clause."  Accordingly, his § 2255(h) application to file a second or successive motion must be dismissed for lack of jurisdiction.

### V.    Conclusion

_____

[15] Movant has shown that the Court relied upon the residual clause to classify his grand theft conviction as an ACCA predicate.  <u>See King v. United States</u>, 1:08-cv-22820-JAL/White (S.D. Fla. 2008) (D.E. 11 and 18).  However, this showing alone is insufficient to unlock 2255(h). Movant must allege that his third predicate offense was under the residual clause.  Movant has conceded that he has at least one serious drug offense that qualifies as an ACCA predicate.  He has also not alleged that his aggravated battery or burglary convictions are residual clause offenses without the benefit of <u>Descamps</u> and <u>Mathis</u>.  Additionally, it should be noted that Movant's initial 2255 proceeding appears to have counted two prior drug convictions as predicate offenses.  <u>See</u> 08- 22820-CV-Lenard, D.E. 11 and 18.

The Court finds that the intent of Congress in passing AEDPA combined with a faithful application of § 2255(h) and over half a century of legal precedent that has espoused the importance of the finality of criminal judgments supports the conclusion that <u>Descamps</u> and <u>Mathis</u> do not apply retroactively to second or successive § 2255 motions. Because <u>Descamps</u> may not be applied retroactively to establish a pure <u>Johnson</u> claim, Movant has failed to demonstrate entitlement to relief. However, the Court will permit the Movant to amend his 2255 motion to show that the sentencing record or controlling law (as it existed at the time of sentencing) establishes that he was sentenced under the residual clause in violation of <u>Johnson</u>.

Therefore, having conducted a review of Movant's § 2255 Motion, and the record, it is **ORDERED AND ADJUDGED** that:

1. The Court declines to adopt the Magistrate Judge's Report and Recommendation (D.E. 9), filed on June 30, 2016, which has been rendered moot by subsequent developments in this case;

2. Movant's Motion to Vacate (D.E. 5), filed on June 24, 2016, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

3. Movant shall have fourteen (14) days from the date of this Order to file an Amended 2255 Motion which states a <u>Johnson</u> claim;[16]

---

[16] <u>See</u> <u>Mederos v. United States</u>, 218 F.3d 1252 (11th Cir. 2000) (permitting amended 2255 motion to relate back to date of original filing). Alternatively, if Movant's amended 2255 motion may not relate back to the original filing, the Court conditions the dismissal of Movant's original Motion on his ability to file an  amended pleading nunc pro tunc.

4.  If Movant files an amended 2255 motion, the Government shall have ten (10) days to respond and Movant shall have seven (7) days to reply; and

5.  If Movant chooses not to file an amended 2255 motion, he may file a motion requesting entry of a final order of dismissal.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of August, 2016.

*Joan A. Lenard*

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**